### Javier HERNANDEZ–ANGELES, Petitioner,

v.

### John ASHCROFT, Attorney General, Respondent.

No. 02–73470.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2004.

Decided Aug. 19, 2004.

Nora E. Milner, Esq., Milner & Markee, LLP, San Diego, CA, for Petitioner.

---

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Blair T. O'Connor, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM *

Javier Hernandez–Angeles ("Hernandez") petitions for review of the Board of Immigration Appeal's ("BIA") denial of his motion to reopen his application for cancellation of removal. We have jurisdiction to review the motion to reopen even where the underlying relief sought is discretionary. *See, e.g., Medina–Morales v. Ashcroft,* 371 F.3d 520, 526–27 (9th Cir.2004).

The BIA properly identified and weighed the new evidence submitted with the motion to reopen, determining that the evidence was not substantially different from the original evidence presented, and would not likely change the result. *See Arrozal v. INS,* 159 F.3d 429, 432–33 (9th Cir.1998). It cannot be said that this determination was "arbitrary, irrational, or contrary to law," requiring our reversal. *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002), *cert. denied,* 539 U.S. 941, 123 S.Ct. 2605, 156 L.Ed.2d 626 (2003).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Hernandez's due process claim also fails. Although it is true that the BIA is required to consider the record as a whole and to review all relevant evidence when deciding a motion to reopen, *Romero–Morales v. INS*, 25 F.3d 125, 129 (9th Cir. 1994), a petitioner must show substantially more than just a "cursory review" of the evidence or a "mischaracterization of the evidence" in order to mount a colorable due process claim in this context. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000).

**PETITION DENIED.**